# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JACOB KHORSANDNIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-29-D |
| | ) | |
| ATKINS & MARKOFF | ) | |
| LAW FIRM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

On January 14, 2016, Plaintiff filed this action alleging Defendants negligently represented him in a criminal case. The Court, exercising its independent duty to determine whether subject matter jurisdiction exists,[1] finds subject matter jurisdiction does not exist based on the allegations of the Complaint.

Because Plaintiff pursues this action pro se, the Court is required to construe

---

[1] "Federal courts 'have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506, 514 (2006)); *Harris v. Ill.-Cal. Express, Inc.*, 687 F.2d 1361, 1366 (10th Cir. 1982) ("Any federal court must, *sua sponte*, satisfy itself of its power to adjudicate in every case and at every stage of the proceeding, and the court is not bound by the acts or pleadings of the parties." (citations omitted)); *see also* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action if "at any time" it determines it lacks subject-matter jurisdiction).

his Complaint[2] liberally, but will not act as his advocate. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[B]ecause Pinson appears pro se, we must construe his arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate."); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ( "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.").

This action stems from Plaintiff's arrest on federal drug and firearm charges. Plaintiff has sued several attorneys and their respective firms, claiming they exaggerated the quality of their representation, yet inadequately represented him throughout the proceedings. As the party invoking federal jurisdiction, Plaintiff bears the burden of establishing jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). He has not met this burden. Construed liberally, Plaintiff's Complaint alleges only state and common law contract/tort claims against Defendants. Such claims do not establish federal-question jurisdiction under 28 U.S.C. § 1331 as they do not "aris[e] under the Constitution, laws, or treaties of the United States." *Id*. Nor does Plaintiff allege diversity jurisdiction under 28 U.S.C. § 1332. Section 1332 provides

---

[2]Plaintiff incorrectly styles his Complaint as a Petition. In cases such as this, the initiating pleading is entitled a complaint. *See* Fed. R. Civ. P. 7(a).

2

for jurisdiction when the amount in controversy exceeds $75,000 and the dispute is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). "Since its enactment, [the Supreme Court] has interpreted the diversity statute to require 'complete diversity' of citizenship." *Carden v. Arkoma Associates*, 494 U.S. 185, 187 (1990). "Complete diversity" means that "there is no plaintiff and no defendant who are citizens of the same state." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Here, Plaintiff's Complaint says nothing about the parties' respective citizenship.

Accordingly, Plaintiffs' Complaint [Doc. No. 1] is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS SO ORDERED** this 22nd day of January, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE